UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL ADAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANS UNION LLC, )<br>)<br>Defendant. )<br>) | CASE NO. __25-cv-3320__ |

## DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Trans Union, LLC ("TransUnion") hereby files this Notice of Removal of the above-captioned action to this Court on the following grounds:

1. TransUnion is a named Defendant in Index No. 805974/2025E filed by Plaintiff Carl Adams ("Plaintiff") in the Supreme Court of the State of New York, County of Bronx (the "State Court Action").

2. The Summons with Notice in the State Court Action was filed with the Clerk of the Supreme Court of the State of New York, County of Bronx on March 14, 2025.

3. This Notice is being filed with this Court within thirty (30) days after TransUnion received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4. This Court is the proper district court for removal because the State Court Action is pending within this district.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon TransUnion in the State Court Action is attached hereto as **Exhibit A**.

6. Certain of the claims for relief against Defendants alleged in the State Court Action arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Thus, this Court has original subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1441(a).

7. TransUnion is the only named Defendant in this action.

8. Promptly after the filing of this Notice of Removal, TransUnion shall provide notice of the removal to Plaintiff through his attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the court in the State Court Action, as required by 28 U.S.C. § 1446(d). *See* **Exhibit B**.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 22, 2025        *Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

I, Andrew G. Hope, hereby certify that on April 22, 2025, the foregoing document has been electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 22, 2025              *Counsel for Defendant Trans Union, LLC*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
_____X

CARL ADAMS,                                Index No.:

            Plaintiff,                **SUMMONS**

   -against-                           The basis of this venue is:
                                  Plaintiff's address

TRANS UNION, LLC,

           Defendant.
_____X

To the above-named defendant(s):

    YOU ARE HEREBY SUMMONED to appear in the Supreme Court of the State of New York, County of Bronx at the office of the Clerk of said Court at 851 Grand Concourse, Bronx, NY 10451 in the County of Bronx, State of New York, within the time provided by law as noted below and to file your Answer to the annexed Complaint with the Clerk; upon your failure to Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: March 14, 2025

                                              Respectfully submitted,

                                              _____
                                              Subhan Tariq, Esq.
                                              Tariq Law PC
                                              **Attorney for Plaintiff**
                                              99 Park Avenue, Suite 1100
                                              New York, NY 10016
                                              Tel: (212) 804-9095
                                              Email: subhan@tariqlaw.com

NOTE: The laws or rules of court provide that:

a) If this summons is served by its delivery to you personally, you must appear and answer within TWENTY DAYS after such service; or

b) If this summons is served by its delivery to any person other than you personally, or is served by any alternative method permissible under the CPLR, you must appear and answer within THIRTY days after such service.

Defendant's address:

Trans Union, LLC
1510 Chester Pike
Crum Lynne, PA 19022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
————————————————————————X
CARL ADAMS,

        Plaintiff,

 -against-

TRANS UNION, LLC,

        Defendant.
————————————————————————X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, Carl Adams, seeks redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 by Defendant Trans Union, LLC, and its agents in its illegal reporting. Plaintiff, by way of this Complaint, states as follows:

## PARTIES

1. Plaintiff, Carl Adams, is an adult residing in Bronx, NY.

2. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the FCRA.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

## FACTS

4. Plaintiff repeats, reiterates and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

5. Due to discrepancies on Plaintiff's Trans Union credit report, Plaintiff sent a dispute letter, dated October 16, 2024, to Trans Union.

6. Plaintiff's dispute letter, dated October 16, 2024, listed **one Acceptance Now and one Montgomery Ward accounts** (the "disputed accounts"), reporting on Plaintiff's credit

1

report, that are reporting wrong and inaccurate information. Plaintiff also requested that Trans Union remove the disputed accounts from Plaintiff's credit report.

7. Furthermore, pursuant to 15 U.S.C. § 1681i(b), Plaintiff's dispute letter, dated October 16, 2024 also requested that Trans Union update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

8. Specifically, Plaintiff's dispute letter, dated October 16, 2024, stated: "**IF THESE ACCOUNTS ARE NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING 'WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS) FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED. HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM OBTAINING A JUDGMENT. EVEN THOUGH THE STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS.**'"

9. Furthermore, Plaintiff's dispute letter, dated October 16, 2024, also stated: "**<u>Please update my statutory consumer statement or delete the accounts from my credit reports.</u> If you do not update my statutory consumer statement or delete these accounts immediately, I will hold . . . you accountable under the FCRA.**"

10. Plaintiff did not receive a response from Trans Union. However, Trans Union continued to inaccurately report the disputed accounts and did not remove them from Plaintiff's credit report.

11. Furthermore, Trans Union also failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status – in violation of 15 U.S.C. § 1681i(b).

12. Accordingly, Plaintiff sent a second dispute letter, dated November 15, 2024, to Trans Union, wherein Plaintiff once again disputed the disputed accounts, plus an additional **Verizon account**, and requested their deletion.

13. Furthermore, pursuant to 15 U.S.C. § 1681i(b), Plaintiff's second dispute letter, dated November 15, 2024, also once again requested that Trans Union update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

14. Specifically, Plaintiff's second dispute letter, dated November 15, 2024, once again stated:

"**IF THESE ACCOUNTS ARE NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING 'WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS) FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED. HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM OBTAINING A JUDGMENT. EVEN THOUGH THE**

3

**STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS.**'"

15. Furthermore, Plaintiff's dispute letter, dated November 15, 2024, also once again stated: "**Please update my statutory consumer statement or delete the accounts from my credit reports. If you do not update my statutory consumer statement or delete these accounts immediately, I will hold . . . you accountable under the FCRA.**"

16. Plaintiff once again did not receive a response from Trans Union. However, Trans Union once again continued to inaccurately report the disputed accounts and did not remove them from Plaintiff's credit report.

17. Furthermore, Trans Union once again also failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status – in violation of 15 U.S.C. § 1681i(b).

18. Accordingly, Plaintiff sent a third dispute letter, dated January 3, 2025, to Trans Union, wherein Plaintiff once again disputed the disputed accounts and requested their deletion.

19. Furthermore, pursuant to 15 U.S.C. § 1681i(b), Plaintiff's dispute letter, dated January 3, 2025, also once again requested that Trans Union update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

20. Specifically, Plaintiff's third dispute letter, dated January 3, 2025, once again stated: "**IF THESE ACCOUNTS ARE NOT GOING TO BE DELETED, I AM REQUESTING THE FOLLOWING STATUTORY CONSUMER STATEMENT TO SHOW ON MY CREDIT REPORT. IT SHOULD STATE THE FOLLOWING 'WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. THE LEGAL TIME LIMIT (STATUTE OF LIMITATIONS)**

4

FOR SUING YOU TO COLLECT THIS DEBT HAS EXPIRED. HOWEVER, IF SOMEBODY SUES YOU ANYWAY TO TRY TO MAKE YOU PAY THIS DEBT, COURT RULES REQUIRE YOU TO TELL THE COURT THAT THE STATUTE OF LIMITATIONS HAS EXPIRED TO PREVENT THE CREDITOR FROM OBTAINING A JUDGMENT. EVEN THOUGH THE STATUTE OF LIMITATIONS HAS EXPIRED, YOU MAY CHOOSE TO MAKE PAYMENTS.'"

21. Furthermore, Plaintiff's dispute letter, dated January 3, 2025, also stated: "**<u>Please update my statutory consumer statement or delete the accounts from my credit reports.</u>** **If you do not update my statutory consumer statement or delete these accounts immediately, I will hold . . . you accountable under the FCRA.**"

22. Plaintiff received dispute results from Trans Union dated February 4, 2025. Trans Union continued to inaccurately report the disputed accounts and did not remove them from Plaintiff's credit report.

23. However, Trans Union's February 4, 2025 dispute results also failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status – in violation of 15 U.S.C. § 1681i(b).

24. Notably, Trans Union's February 4, 2025 dispute results also stated: "**If our investigation has not resolved your dispute, here's what you can do next: Add a 100- word statement to your report.**" – despite failing to honor Plaintiff's previous requests that it update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status – in violation of 15 U.S.C. § 1681i(b).

5

## CAUSE OF ACTION

### Violations of the FCRA

25. Plaintiff repeats, reiterates and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

26. Pursuant to 15 U.S.C. § 1681i(b),

    If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute.

27. After receiving Plaintiff's dispute letters, dated October 16, 2024, November 15, 2024, and January 3, 2025, Trans Union failed to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status as required by 15 U.S.C. § 1681i(b).

28. As a result of Trans Union's violations of 15 U.S.C. § 1681i(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

29. Trans Union's violations of 15 U.S.C. § 1681i(b) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

30. Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681i(a).

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

6

32. Trans Union also violated 15 U.S.C. § 1681i(a) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

33. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

34. Trans Union's violations of 15 U.S.C. § 1681i(a) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

35. Trans Union also violated 15 U.S.C. § 1681i(a)(5)(A) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

36. As a result of Trans Union's violations of 15 U.S.C. § 1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

37. Trans Union's violations of 15 U.S.C. § 1681i(a)(5)(A) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

38. Trans Union also violated Plaintiff's rights under 15 U.S.C. § 1681e(b) by failing to update Plaintiff's statutory consumer statement to reflect the disputed accounts' time-barred status.

39. As a result of Trans Union's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

40. Trans Union's violations of 15 U.S.C. § 1681e(b) were willful, rendering Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court grant a judgment in favor of Plaintiff against Trans Union as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1681n and 1681o of the FCRA;

B. For punitive damages provided and pursuant to 15 U.S.C. § 1681n of the FCRA;

C. Ordering Trans Union to:

   a. immediately and permanently (i) delete and/or update all inaccurate information concerning the disputed accounts from and/or on Plaintiff's credit reports and files, and (ii) cease reporting inaccurate information concerning the disputed accounts to any and all persons and entities to whom Trans Union reports consumer credit information;

   b. send updated and corrected consumer reports to all persons and entities to whom Trans Union has reported inaccurate information about the disputed accounts; and

    c. grant Plaintiff tradeline deletion of the **one Acceptance Now, one Montgomery Ward, and one Verizon accounts**.

D. For attorney's fees and costs provided and pursuant to 15 U.S.C. § 1681n and 1681o of the FCRA;

E. A declaration that Trans Union's practices violated the FCRA;

F. Injunctive relief ordering that Trans Union correct any inaccuracies on Plaintiff's credit report; and

G. For any such other and further relief, as well as further costs, expenses, and disbursements of this action, as this Court may deem just and proper.

Dated: March 14, 2025

                                                                           Respectfully submitted,

                                                                           _____
                                                                           Subhan Tariq, Esq.
                                                                           Attorney I.D.# 5263074
                                                                           Tariq Law PC
                                                                           **Attorney for Plaintiff**
                                                                           99 Park Avenue, Suite 1100
                                                                           New York, NY 10016
                                                                           Telephone: (212) 804-9095
                                                                           Email: subhan@tariqlaw.com

## VERIFICATION

Carl Adams, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in Subsection (c) of Section 130-1.1 of the Rules of the Chief Administrative Judge (22 NYCRR).

_____
Carl Adams, Plaintiff

Sworn to before me this 8th day of November 2024

_____
Notary Public

ALANA J WALLACE
NOTARY PUBLIC STATE OF
NEW YORK
REGISTRATION NO.01WA6285107
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES 7/1/2025

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------x
: 
CARL ADAMS, :
:
:
:
Plaintiff, :
: Index No. 805974/2025E
:
against : NOTICE OF FILING NOTICE
: OF REMOVAL
:
TRANS UNION, LLC, :
:
:
:
Defendant. :
------------------------------------------------------------------------x

**NOTICE OF REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

TO:   Subhan Tariq, Esq.
      Tariq Law PC
      99 Park Avenue, Suite 1100
      New York, NY 10016

      Bronx County Clerk & Commissioner of Jurors
      851 Grand Concourse, Room 118
      Bronx, NY 10451

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York. A copy of the Notice of Removal filed with respect to this action is attached hereto as Exhibit A.

                          **BUCHANAN INGERSOLL & ROONEY PC**

                          By: */s/ Andrew Hope*
                          Andrew G. Hope (NY Bar ID 4913547)
                          Two Liberty Place
                          50 S. 16th Street, Suite 3200
                          Philadelphia, PA 19102
                          T: 215-665-8700
                          andrew.hope@bipc.com

Dated: April 22, 2025            *Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

I, Andrew G. Hope, hereby certify that on April 22, 2025, the foregoing document has been electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
T: 215-665-8700
andrew.hope@bipc.com

Dated: April 22, 2025