**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARL ADAMS, | |
| Plaintiff, | Case No.: 1:25-cv-03320-ER |
| v. | |
| TRANS UNION, LLC, | |
| Defendant. | |

**DEFENDANT TRANS UNION, LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant Trans Union LLC ("Trans Union") by and through its counsel of record, and hereby files its Answer and Defenses to Plaintiff's Complaint ("Complaint"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible:

**PARTIES**

1. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3. Trans Union admits the allegations contained in this Paragraph.

**FACTS**

4. Trans Union reasserts its answers and responses set forth herein.

5. Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 25, 2024 in connection with the Acceptance Now, Montgomery Ward, IC System, and DNF accounts or tradelines. Trans Union further admits that it contacted the

1

furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

6.      Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 25, 2024 in connection with the Acceptance Now, Montgomery Ward, IC System, and DNF accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

7.      Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 25, 2024 in connection with the Acceptance Now, Montgomery Ward, IC System, and DNF accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

8.      Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 25, 2024 in connection with the Acceptance Now, Montgomery Ward, IC System, and DNF accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

9.      Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 25, 2024 in connection with the Acceptance Now, Montgomery Ward, IC System, and DNF accounts or tradelines. Trans Union further admits that it contacted the

furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

10.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 25, 2024 in connection with the Acceptance Now, Montgomery Ward, IC System, and DNF accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

11.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about October 25, 2024 in connection with the Acceptance Now, Montgomery Ward, IC System, and DNF accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

12.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about December 9, 2024 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

13.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about December 9, 2024 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in

connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

14.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about December 9, 2024 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

15.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about December 9, 2024 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

16.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about December 9, 2024 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

17.     Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about December 9, 2024 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in

connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

18.    Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about January 16, 2025 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

19.    Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about January 16, 2025 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

20.    Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about January 16, 2025 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

21.    Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about January 16, 2025 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in

connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

22.    Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about January 16, 2025 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

23.    Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about January 16, 2025 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

24.    Trans Union admits that it received correspondence, purportedly from Plaintiff, on or about January 16, 2025 in connection with the Acceptance Now, Montgomery Ward, and Verizon accounts or tradelines. Trans Union further admits that it contacted the furnishers in connection therewith, and the furnishers verified the reporting as Trans Union noted in its investigation results. Trans Union states that the document/exhibit(s) cited speaks for itself. Trans Union denies the remaining allegations of this paragraph, as they apply to Trans Union.

## CAUSE OF ACTION

25.    Trans Union reasserts its answers and responses set forth herein.

26.    Trans Union states that cited provision(s) of the FCRA speaks for itself. To the

extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

27.    Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information, at this time, sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

29.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

30.    Trans Union states that it lacks knowledge or information, at this time, sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that cited provision(s) of the FCRA speaks for itself. To the extent that this Paragraph misquotes or misstates the text or appropriate interpretation of the FCRA, Trans Union denies the same.

31.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union.

32.    Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information, at this time, sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33.    Trans Union denies the allegations of this paragraph, as they apply to Trans Union. Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

34.    Trans Union denies that it violated the FCRA (or any other law). Trans Union

denies the allegations of this paragraph, as they apply to Trans Union.

35.    Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information, at this time, sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36.    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

37.    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

38.    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

39.    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

40.    Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEMAND FOR TRIAL BY JURY

Trans Union admits that Plaintiff demands a jury and objects to the extent that any of the issues demanded are not so triable.

## PRAYER FOR RELIEF

Trans Union denies the allegations contained in the prayer paragraph of the Complaint,

including all subparts.

## DEFENSES

1.     Without admitting it has a burden of proof on the issue, at all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

2.     Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

3.     Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

4.     Trans Union at all times acted in compliance with the FCRA.

5.     Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

6.     Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of New York.

7.     Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

8.     Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

9.     Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA.

9

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Andrew G. Hope*
Andrew G. Hope (NY Bar ID 4913547)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
T: 215-665-8700
F: 215-665-8760
andrew.hope@bipc.com

Dated: April 29, 2025                    *Counsel for Defendant TransUnion, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew G. Hope, hereby certify that on April 29, 2025, the foregoing document has been electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

Dated: April 29, 2025                                          */s/ Andrew G. Hope*
                                                                         Andrew G. Hope